# CHARLESTON.

### STATE *v.* JAMES WISMAN.
### (No. 5118.)

Submitted February 17, 1925.   Decided February 24, 1925.

1. INDICTMENT AND INFORMATION.
   Point one in the syllabus of the case of *State* v. *George Wisman*, 93 W. Va. 183, 116 S. E. 698, approved.

   (Indictments and Informations, 31 C. J., § 331 [1926 Anno].)

2. CRIMINAL LAW—*Instruction to Find Accused Guilty Either of Unlawful Wounding as Charged, or of Violation of Red Men's Act, Held Error.*

   It is error in a criminal case to give the jury the option, as in its opinion the evidence might warrant, of finding the defendant guilty either of the felony properly charged in the indictment, or of another felony which is not necessarily a part of, or a constituent element of, the one so charged.

   (Criminal Law, 16 C. J. § 2451 [1926 Anno].)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Putnam County.

James Wisman was convicted of a conspiracy against a certain person in pursuance of which another person was wounded, and he brings error.

*Reversed; verdict set aside; new trial awarded.*

98 W. Va.

*B. J. Pettigrew,* and *Hogg & Hogg,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

In May, 1921, within the County of Putnam, there was an affray between the Wismans and the Adkins, in which Walter Adkins was seriously wounded. George Wisman, James Wisman, and others, were arraigned under a joint indictment which charged that pursuant to their conspiracy to inflict punishment and bodily harm upon one Grant Adkins, Walter Adkins was feloniously and maliciously assaulted. A conviction of George Wisman under this indictment was reversed by this court in the case of *State* v. *George Wismán,* 93 W. Va. 183.

Another indictment was lodged against the same parties, charging them with a malicious assault upon Walter Adkins with intent to maim, etc., without alleging a conspiracy to do so. James Wisman was convicted of unlawful wounding under the second indictment, but acquitted of malicious wounding. Upon a writ of error to this court, the verdict in the case against James was also set aside; see 94 W. Va. 224. Then, James Wisman was again tried; the second trial, however, being under the same indictment as that under which George Wisman had been tried, to-wit: the indictment charging conspiracy against Grant Adkins in pursuance of which Walter Adkins was wounded. Under a verdict of guilty, ''as charged in the indictment,'' James Wisman was sentenced to the penitentiary for a period of two years, and again prosecutes error here.

It is not necessary to detail the evidence in this case. The errors alleged by the defendant have no relation to the evidence, and the facts proven in this case are the same facts proven by the same witnesses that were used by the State in the other case against Jim Wisman, and which are very fully set out in the opinion of Judge LIVELY therein.

Defendant's several charges of error are all based on the fact that the court below tried the case on the theory, and

gave and refused instructions supporting the theory, that the indictment charged two felonies, one under the maiming act, and one under the Red Men's act.

With reference to the indictment herein, we held in the George Wisman case, that upon treating the charge of conspiracy as surplusage, it was a good indictment for *malicious wounding.* If the charge of conspiracy be not disregarded, and the indictment be considered solely with reference to the conspiracy act, it would necessarily follow that it is a good indictment under sections 9 and 10 of chapter 148 of the Code. The description of the overt act alleged, to-wit: the malicious wounding of Walter Adkins would, broadly considered, be an *infliction of punishment and bodily injury upon him.* The trial court evidently took this view of the indictment, and conferred on it a dual charge.

But it is a violation of the fundamental laws of pleading to charge two separate felonies in the same count of an indictment. If we say that this indictment properly charges malicious wounding, that is one felony. If we hold that the indictment properly charges a violation of the Red Men's act, that is another and separate felony. In order to sustain the indictment, we must limit it to one or the other of these felonies.

A mere assault, punishment, or bodily harm of any kind, inflicted in pursuance of a conspiracy, is deemed sufficient under the Red Men's act. Malicious wounding, as such, is not a necessary substantive offense in the violation of this act. Conviction for malicious wounding carries with it punishment as grave as that of a conviction under the Red Men's act. In fact, the two offenses would seem to be of equal dignity. If the State can redress a crime as severely under a conviction for malicious wounding as it can under the Red Men's act, why should it go to the extra trouble and risk of proving a conspiracy in connection with the maiming, in order to secure a conviction under the Red Men's act? It, therefore, is not logical to hold that the Legislature intended an indictment for a violation of the Red Men's act to include as the overt act in pursuance of the conspiracy, a charge of malicious wounding.

The indictment in this case uses the very language of the maiming statute in charging the malicious wounding of Walter Adkins. Consequently, we have deemed it advisable to treat this indictment as one for malicious wounding rather than one under sections 9 and 10 of chapter 148 of the Code, and to disregard entirely the charge of conspiracy therein. By so doing, we violate no rule of pleading, we sustain the indictment, and conform to the prior holdings of this court in the cases of *State* v. *Bingham*, 42 W. Va. 234, and *State* v. *McCoy*, 61 W. Va. 258. In the latter case, it was held:

"An indictment charging conspiracy to inflict punishment and bodily injury on the person, and charging also for murder, held good as an indictment for murder."

In the *McCoy* case, the defendant was convicted, not of conspiracy, but of murder. Commenting on the indictment, the court said: "Eliminate the conspiracy part, and we have left a good indictment for murder." See also opinion and citations of authority in the George Wisman case.

Instruction number 1, given by the state in this case, was therefore erroneous, since it gave to the jury the right to find the defendant guilty either of unlawful wounding or of a violation of sections 9 and 10 of chapter 148 of the Code. The instruction should have been limited to a violation of the maiming act.

It was not error to refuse defendant's instructions numbers 5 and 6, as they were prepared to combat the theory of the state that a verdict under the Red Men's act could be had under the indictment, which theory was itself erroneous.

Having been acquitted on his former trial of malicious wounding, the defendant offered the following instruction, numbered 12:

"The court instructs the jury that the defendant, James Wisman, was heretofore acquitted of all offenses charged in the indictment in this case, higher in their nature than unlawful wounding. And you are, therefore, instructed that in any event you cannot find him guilty of any offense higher or greater than unlawful wounding."

This instruction was refused as offered, but was given by the court, after adding thereto:

"unless the jury further believes from the evidence beyond all reasonable doubt, that such wounding was in pursuance of a conspiracy as charged in the indictment."

It was error to refuse this instruction as offered, and further error to give it as modified; evidence of conspiracy not being essential to, or incident to, a charge of maiming.

The judgment of the lower court is therefore reversed, the verdict of the jury is set aside, and the defendant awarded a new trial.

LIVELY, PRESIDENT, Concurring:

In considering the opinion of the court in the case of *State* v. *George Wisman,* 93 W. Va. 183, in relation to the instant case, I am now inclined to question the correctness of a statement on page 183 of that opinion, which is as follows:

"If the State had failed to prove the greater crime, the jury might have found that the conspiracy had been formed, and while no overt act had been committed in pursuance thereof, yet the defendant could have been guilty of the lesser offense and punished as for a misdemeanor."

The offense of conspiring to do bodily harm to a person is one crime, a misdemeanor; the malicious wounding of a person is another and separate crime, a felony. Under our statute, neither offense is dependent on the other. Therefore, it is improper to combine these two offenses in an indictment, unless the indictment be under the Red Men's act. In the George Wisman case, we held the indictment good as an indictment under the maiming statute. We approve that holding in this case. In order to do so, however, it is necessary to treat as surplusage the charge of conspiracy. It is, therefore, illogical to assert that in case of failure to convict of malicious wounding, the charge of conspiracy, which has been theoretically eliminated from the indictment, can never-

theless be invoked, and the defendant found guilty there-under.

See  generally on this subject, the opinion in the case of *State* v. *Smith,* 61 Maine 385.

> *Reversed; verdict set aside; new trial awarded.*