STATE v. LUCY MORGAN.

*Bastard, concealing birth of—Evidence—Homicide—Former Conviction—Arrest of Judgment.*

1. Upon the trial of an indictment for infanticide, where it appeared there were no marks of violence upon the deceased, it was not erroneous to admit the testimony of an expert that there were several modes of causing death without leaving upon the body any evidence of the means employed.

2. A former conviction for concealing the birth of a bastard child is no defence to an indictment for the murder of such child. *The Code.* §1004.

3. Former conviction, or acquittal, to be available as a defence, must be pleaded; it cannot be considered on a motion to arrest the judgment.

This was an INDICTMENT for Infanticide, tried before *Boykin, Judge*, at August Term, 1886, of ROWAN Superior Court. The case is stated in the opinion.

41

*Attorney-General,* for the State.

No counsel for the defendant.

SMITH, C. J. The prisoner is charged with the murder of her own infant child, born a bastard, committed soon after birth. Evidence was introduced for the State, tending to prove that the prisoner gave birth to a living child in a barn in the town of Salisbury, and buried it head downward in a small hole in the ground, covering the body with hay and straw. There were no marks of violence upon its person.

The solicitor, after objection from the prisoner, was allowed to show by the testimony of an expert, that there were divers ways by which the mother could have murdered it without producing any external evidences thereof, as by suffocating it, burying it in the manner in which it was found, and in other ways. To the introduction of this testimony is taken the only exception shown in the record, during the trial before the jury. While we do not approve of the use of the word " murdered " instead of " killed," as tending to more injuriously affect the minds of the jurors, in connection with the absence of indications of violence upon the body, we do not deem the exception tenable. In substance, the information imparted in the expert's opinion is, that to produce death, it did not necessarily require the employment of force sufficient to leave marks on the body; and that the absence of these signs was not inconsistent with the homicidal act, in the case of a new born and non-resisting babe.

II. After the trial and motion to set aside the verdict for error alleged in admitting the evidence, which was denied, defendant's counsel moved for an arrest of judgment, on the ground that the prisoner had been before found guilty and undergone punishment for the offence of concealing the birth of the same bastard child.

This motion was also properly refused.

If the previous prosecution and punishment for the misdemeanor were a legal defence against the present charge, it should have been pleaded at the arraignment, and cannot be made available in the manner now proposed. The fact does not appear in the record, and judgment can be arrested only when the reasons for it are found in the record.

But had the matter been properly brought forward as a bar to the indictment for murder, it would not have availed, for the misdemeanor imputed is a distinct offence from the crime now charged. Whar. Cr. Law, §565. Moreover, the statute distinguishes the offences, and after declaring the constituents of the misdemeanor, expressly provides, "that nothing in this section shall be construed to prevent the mother who may be guilty of the homicide of her child from being prosecuted and punished for the same, according to the principles of the common law." *The Code*, §1004.

There is no error, and this will be certified to the end that the Court below may proceed to judgment upon the verdict.

No error.                              Affirmed.