# CHARLESTON

STATE v. McCoy AND OTHERS.

Submitted January 9, 1907.    Decided February 5, 1907.

1. HOMICIDE—*Indictment.*

An indictment charging conspiracy to inflict punishment and bodily injury on a person, and charging also his murder, held good as an indictment for murder.   (p. 258.)

2. CRIMINAL LAWS—*Declaration of Accomplices.*

When two or more accomplices are tried together for felony, the declaration or confession of one made after the criminal act in the absence of the others, too long after it to be part of the *res gestæ*, is admissible in evidence; but the court must instruct the jury that it is not to be considered as evidence against any one but the one making the confession.   (p. 261.)

3. SAME—*Appeal.*

Where parties are tried together for murder and convicted, and one judgment rendered against all, this Court may affirm as to one, and reverse and grant a new trial as to another.   (p. 261.)

Appeal from Circuit Court, Fayette County.

Wayne McCoy and others were convicted of conspiracy to inflict punishment on a third person, and bring error.

*Affirmed in part.    Reversed in part.*

ADAM B. LITTLEPAGE and R. R. FOUNTLEROY, for plaintiffs in error.

C. W. MAY, Attorney General, and OSSENTON & McPEAK, for the State.

BRANNON, JUDGE:

An indictment found in the criminal court of Fayette county charged "that C. W. Hall, Langdon Hackett and Wayne McCoy, on the 31st day of January, 1903, in the county aforesaid, did unlawfully combine, conspire and confederate together for the purpose of inflicting punishment and bodily injury upon one Thomas Fleman, and in pursuance of said combination, conspiracy and confederation, on the day and year aforesaid, at the county aforesaid, feloniously, willfully, maliciously, deliberately and unlawfully, did slay, kill and murder the said Thomas Fleman, against

the peace and dignity of the State.'' The three defendants were tried together and sentenced to the penitentiary for murder in the second degree, and obtained a writ of error from a judge of this Court.

It is claimed that the court below erred in overruling a demurrer and motion to quash the indictment. The ground specified is, that the indictment does not sufficiently charge a conspiracy. We see no objection to it on that ground. It seems to be warranted by precedents. 5 Ency. Forms, form 6145; Wharton Precedents, form 607; Mayo's Guide, 176. It charges that defendants did ''unlawfully combine, conspire and confederate together for the purpose of inflicting bodily injury upon one Thomas Fleman.'' The words ''combine, conspire and confederate together'' are apt words, usual and sufficient in an indictment for conspiracy. Note in 5 Ency. Forms, 140; 2 Wharton's Precedents, note e, p. 105. It is suggested that the word ''wilfully'' is wanting. That is not necessary. It says ''unlawfully.'' Even this is not necessary. 5 Ency. Forms, N. 1. This is because the very charge of conspiring to commit felony imports an unlawful act. When an indictment charges that parties combine, conspire and confederate unlawfully to inflict punishment and bodily injury upon a man, it follows that they wilfully did so. In oral argument it was suggested that the indictment does not allege that defendants were persons evil disposed and bent on mischief. That would be useless verbiage. What matters it what their disposition, if they did conspire to do a criminal act? This indictment is under sections 9, 10, chapter 148, Code 1899, known as the ''Redmens Act.'' It follows its language, ''did combine, conspire and confederate together for the purpose of inflicting bodily injury upon any other person.'' Therefore, it is sustained by the familiar rule that it is generally sufficient to charge an offense in statutory language. But why discuss this conspiracy part of the indictment? There was no conviction of conspiracy, but of murder. Eliminate the conspiracy part, and we have left a good indictment for murder. Therefore, the conspiracy charge is not material.

It follows, that the motion to direct a verdict for defendants on the ground that a conspiracy was not proven was properly denied. There could be murder without previous

conspiracy. And section 10 says that when several are present aiding and abetting in an act of violence conspiracy shall be presumed. *State* v. *Bingham,* 42 W. Va. 234.

An instruction was refused saying that "where a conspiracy to commit the crime of murder, as alleged in the indictment, as in this case, that conspiracy must be established by full and competent proof, to the satisfaction of the jury, and unless the same is so proved beyond reasonable doubt, they should find the prisoners not guilty." Of course, it is plainly bad. · If the indictment were one for conspiracy only, it would be proper; but the instruction ignores the charge of murder. It tells the jury that if they could not find a conspiracy, they could not find guilt of murder, making the case, for all purposes, hinge on conspiracy, as if murder could not be without previous conspiracy. And again it tells the jury they must acquit all three defendants, though all were present aiding and abetting, and although it was clear one had fired the fatal shot. Other instructions were given that the conspiracy must be proven beyond reasonable doubt, when the statute says that if all were present aiding and abetting the law presumes conspiracy. The charge of conspiracy is immaterial, and therefore the instruction based on that theory falls.·

The court gave the State an instruction that a conspiracy could be established by circumstantial evidence, and that such evidence was legally competent for that purpose; also as to whether an act which was committed was done by a member of the conspiracy could be established by circumstantial evidence, whether the identity of the individual who committed the act be established or not, and also whether the act was in pursuance of a common design could be ascertained by the same evidence. This instruction simply told the jury that such facts could be proven by circumstantial evidence, as surely they could be. Numerous instructions for the prisoners told the jury that the prisoners must be proven guilty beyond all reasonable doubt.

It is not necessary to say anything more as to the suggestions first made by counsel in a brief that the record does not state who furnished the list of jurors to be summoned, and that a writ of *venire facias* was directed by the court, than that it was not assigned as error, nor was the point

made in the criminal court, nor any objection there made, nor was there any bill of exception to bring this matter into the record.    Code, chapter 116, section 19.

The State proved a declaration made by Hackett, in the absence of Hall and McCoy, the declaration being made after the homicide.    The declaration, in a conversation in the presence of Staton, Ash and McCall touching the homicide, was, "It is all over now, but McCoy killed Fleman."    Another was a statement that he, Hackett, shot some shots down in the floor, and that he did not see the bullet hit Fleman, but that McCoy shot in that direction, and he sank back.    Now, it is fixed law that the confession or statement of an accomplice or co-conspirator is not competent evidence against an accused, if made after the consummation of the felony, in the absence of the other, unless part of the *res gestae*, as this was not, even though a previous conspiracy existed.    *Hunter's Case*, 7 Grat. 641,    But when two or more are tried together the State cannot be deprived of the confession of one as evidence against him, and in such case the rule is that the evidence is to be admitted to operate only as to the one making the confession or declaration, and the court must tell the jury that it is not to be considered against any but him.    *Jones' Case*, · 31 Grat. 836; 6 Am. & Eng. Ency. L. (2nd Ed.) 571, 869.    Authorities there cited will show that such an instruction must be given.    No such instruction was given.    It cannot be tolerated .that the State can give in such evidence without any notice to the jury that it is not to be used against one not present when the declaration was made.    It will not do to say that the accused must ask such instruction.    The evidence is given over his objection.    The State cites *Smith* v. *People*, 115 Ill.· 17, and *State* v. *Brite*, 73 N. C. 26.    A later Illinois case, *Ackerson* v. *People*, 124 Ill. 563, holds that such instruction should be given.    In the North Carolina case, the declaration went to acquit the other party.

· Therefore, the other two defendants can complain of this evidence; but Hacket cannot.    Then what should we do? We will reverse as to Hall and McCoy, and affirm as to Hacket.    Can we thus divide the judgment of reversal?    As stated in *Vance Shoe Co.* v. *Haught*, 41 W. Va. 283, when a civil judgment is joint, it cannot be reversed as to one only;

but the reason does not apply when the rights are not joint, but several. Especially so in a criminal proceeding. "When the interest of the parties are several and independent, so that a proper decision as to one is not dependent on the judgment of the other, the judgment may be reversed as to one and affirmed as to the other." This rule seems to be the general law. It is from 3 Cyc. 449. Same principle in 2 Ency. Pl. & Prac. 515. I think the *Kemp Case*, 18 Grat. 969, pointed: "Several prisoners having been tried together for the same felony, and found guilty, the court may grant a new trial to one of them, and render judgment against the others." Then, why cannot this Court reverse as to one, and grant him a new trial, but not as to another in a murder case? The offence of each is several; his act a tort, not on contract. One can be found guilty, another acquitted. Under Code, chapter 159, section 24, on joint trial the jury may agree as to one, and not as to the other and a new trial as to the latter, and of course there could be separate judgment. In other words in all respects where several are charged with murder their cases are separate.

Therefore, we affirm the judgment as to Hacket; but as to Hall and McCoy we reverse the judgment and set aside the verdict, and grant them a new trial and remand the cause to the criminal court for a new trial of Hall and McCoy.

*Affirmed in part.    Reversed in part.*