# CHARLESTON.

## S. H. BRACEY v. ALAN H. ROBINSON, JUDGE.

### Submitted October 8, 1918.   Decided October 22, 1918.

1. PROHIBITION—*Acquittal—Defense.*
    The defense of *autrefois acquit* is a matter within the juris-diction of the court in which the charge to which it is applicable is pending, and cannot be set up in another court by an inde-pendent proceeding such as prohibition, while the case in which it may be a proper defense is pending and undetermined.   (p. 9).

2. SAME—*Jurisdiction of Another Court—Errors.*
    Prohibition does not lie either to withdraw from the cognizance of any court any matter within its jurisdiction, nor to correct errors made in the exercise of lawful jurisdiction.   (p. 11).

3. SAME—*Ruling on Motion to Dismiss Criminal Proceeding—Review.*
    The overruling of a motion to dismiss a criminal proceeding, on the ground of a former acquittal or conviction of the offense charged and a rejection of the plea setting up such defense are mere errors in the exercise of jurisdiction, not reviewable by the writ of prohibition.   (p. 11).

Prohibition by S. H. Bracey and others against Alan H. Robinson, Judge, etc.

*Writ refused.*

*J. B. Handlan, Frank A. O'Brien, D. B. Evans* and *Fred A. Dolph,* for petitioners.

*David A. McKee* and *Carl G. Bachmann,* for respondent.

POFFENBARGER, PRESIDENT:

Smith H. Bracey who was discharged from further prose-cution on four indictments, for reasons stated in *Ex parte Smith H. Bracey,* 95 S.. E. 593, seeks a writ of prohibition to prevent his trial on an indictment subsequently found against him, on the ground that the subject matter of the new indictment is the same offense, in violation of a constitu-tional guaranty.

Second jeopardy is the subject matter of a plea in bar in a criminal case.   Pleas of *autrefois acquit* and *autrefois*

*convict* have always been recognized in .proper cases, in criminal procedure. *State* v. *Conkle,* 16 W. Va. 736; *Wortham* v. *Com.,* 5 Rand. 669; *State* v. *Cross,* 44 W. Va. 315; *State* v. *Evans,* 33 W. Va. 417; *Com.* v. *Quann,* 2 Va. Cas. 89; 9 Ency. Pl. & Pr., 630. In most of the states, it is held that the defense can be interposed only by a special plea. 9 Ency. Pl. & Pr. 630, citing numerous cases. Such is the rule in Virginia. *Justice* v. *Com.,* 81 Va. 209. It cannot be raised in some states by a motion in arrest of judgment or otherwise. *State* v. *Washington,* 28 La. Ann. 129; *State* v. *Sias,* 17 N. H. 558; *State* v. *Morgan,* 95 N. C. 641; *State* v. *Barnes,* 32 Me. 530; *Zachary* v. *State,* 7 Baxt. (Tenn.) 1. These decisions, whether technically right or wrong, emphasize the proposition that the defense is a matter within the jurisdiction of the trial court. It consists of matter of record and matter of fact. As to the former indictment and acquittal or conviction, the record must be adduced in support of the plea, as in the case of any other plea of *res judicata.* As to the identity of the person and, often as to the identity of the offense, extrinsic evidence must be adduced, and both of these questions may have to go to the jury for determination. Whether they must go to the jury in all cases, it is not necessary to inquire now. The question presented here is whether such a defense is within the jurisdiction of the trial court, or rather whether it must be made in that court in the trial on the indictment. That it must is strongly suggested by its very nature and the authorities uniformly so hold. This was the conclusion of the Supreme Court of the United States in *Ex parte Bigelow,* 113 U. S. 328, based upon an exhaustive consideration of the matter. If the defense is clearly made out and put beyond question, the trial court may exceed its jurisdiction by rendition of a judgment of conviction. *In re Nielson,* 131 U. S. 176; *Ex parte Long,* 18 Wall. (U. S.), 163; *In re Snow,* 120 U. S. 274; *Ex parte Milligan,* 4 Wall. (U. S.) 2, 131; *Ex parte Wilson,* 114 U. S. 417. The exception noted in these cases does not militate against the general rule. Under it, the court has jurisdiction except as to the matter of the judgment. At that point its. power is cut off by the constitutional guaranty of im-

munity from second jeopardy, and the judgment only is an act in excess of the trial court's jurisdiction. It has jurisdiction of the person, the cause of action and the defense, through all the pleadings and the trial.

Although the trial court overruled the petitioner's motion to dismiss, supported by affidavits adduced to prove identity of the prisoner and the offense, and refused to permit him to file his plea of *autrefois acquit,* these rulings did not amount to a deprivation of any constitutional right. In so disposing of the attempted defense, the court acted clearly within its jurisdiction, however erroneous the rulings may have been, if erroneous at all. At the proper time, they may be available as grounds of error, but they are not cause for ouster of the court's jurisdiction, discharge of the prisoner or review by the writ of prohibition. That this writ does not lie except in cases of lack of jurisdiction, nor for the correction of mere errors committed in the exercise of jurisdiction, are propositions so elementary and so well known as not to require citation of authority for them.

As the petitioner's case has not progressed in the trial court to judgment, and that court has obvious and indisputable jurisdiction up to that point, there has been no infringement of his constitutional right by any act in excess of jurisdiction, and the writ cannot be allowed to withdraw the case from the jurisdiction of the court or to correct its errors in the entry of interlocutory orders.

For the reasons stated, the rule will be discharged and the writ prayed for refused.

*Writ refused.*