# CHARLESTON.

STATE ex rel. L. S. BOWEN v. R. C. KIRK et als.

Submitted September 13, 1921.   Decided September 20, 1921.

PROHIBITION—*Will Not Lie to Prevent Preliminary Because    of Former Examination and Discharge.*

Prohibition does not lie to prevent a justice of the peace from holding a preliminary examination of one accused of crime, upon the ground that such accused party had been previously examined upon such charge and discharged therefrom by another justice.   If such previous examination and discharge is a bar to a further examination upon the same charge, it should be taken advantage of upon the second hearing.

(LYNCH, JUDGE, absent.)

Petition by the State, on the relation of L. S. Bowen, for a writ of prohibition against R. C. Kirk, Justice of the Peace, and others.

*Writ denied.*

E. L. *Stone* and W. L. *Higgins,* for relator.

E. T. *England,* Attorney General, R. *Dennis Steed* and *Chas. Ritchie,* Assistant Attorneys General, for respondents.

RITZ, PRESIDENT:

The petition in this case avers that on the 28th day of July, 1921, one E. A. Thornton made a complaint in writing duly sworn to before C. R. Clay, a justice of the peace of Marsh Fork District, in Raleigh county, charging that petitioner on the said 28th day of July did feloniously take, steal, and carry away eighteen hundred dollars from the store of McClung & Morgan Stores Co., and that on said day a warrant was issued upon said complaint by said justice; that petitioner was apprehended upon this warrant and brought before said justice on the 29th of July, and that on that day a full hearing of the matters charged in the complaint was had before said justice, the state and the petitioner each introducing a number of witnesses, and that the justice, after hearing all of the evidence offered,

89 W. Va.

and after such full hearing, decided that there was not probable cause to hold petitioner upon said charge and discharged him from custody; that on the 30th day of July, E. R. Dorsey appeared before R. C. Kirk, another justice of the peace of said county, and made a complaint in writing against the petitioner charging him with the identical offense, upon which complaint warrant was issued by said justice, and the said petitioner apprehended and produced for trial; that said R. C. Kirk did not appear for the trial, and the same was continued, and petitioner required to give bail in the sum of one thousand dollars for his appearance before said justice on the 9th day of August for a hearing upon said warrant; that the said E. R. Dorsey who made the complaint upon which the second warrant was issued was an employe of the McClung & Morgan Stores Co., and testified on the hearing before the justice of the peace Clay on the 29th of July, above referred to. The petition further avers that petitioner is not guilty of the charge contained in said warrant; that a full and complete hearing was had thereof before C. R. Clay, a justice of the peace, as aforesaid, and that he was discharged therefrom, and that it is not competent for the respondent R. C. Kirk, justice of the peace, to hold him upon the warrant issued upon the second complaint, and prays that a writ of prohibition issue from this court prohibiting the said justice from further proceeding upon said warrant.

The petitioner insists that having been discharged by one justice upon a preliminary hearing he cannot be arraigned before another justice for another preliminary hearing upon the same charge; that while the action of the justice is not conclusive of his guilt or innocence, still it is effective to prevent him from being subjected to an examination before another justice. Assuming for the sake of argument that the petitioner is correct in this assumption, is prohibition the remedy? The matter relied upon by him is in the nature of a plea of former acquittal. The justice has jurisdiction to issue a warrant upon a complaint charging one with an offense, and he has jurisdiction to conduct a preliminary hearing in a case like this for the purpose of de-

termining whether or not there is probable cause for holding the accused party to answer any indictment that might be returned by a grand jury. The defensive matter relied upon does not go to the jurisdiction of the justice to try for the offense charged, but simply denies the right of the justice to hold him for the reason that he had been theretofore tried for the same offense. If the warrant had not charged the defendant with doing something which constituted an offense, then of course there would be an entire want of jurisdiction, and prohibition would lie to prevent the justice from trying him. In this case, however, the warrant charges an offense. The justice's jurisdiction to issue the warrant cannot be questioned. The matter relied upon does not impeach that jurisdiction, but simply goes to the authority to try him a second time for the same thing. The determination of this question, assuming that it would be a good defense, involves the establishment of the identity of the accused, the identity of the offense, and proof of his former acquittal. All of these questions would have to be inquired into and determined in his favor. In the case of *Bracey* v. *Robinson, Judge,* 83 W. Va. 9, we held that a writ of prohibition would not issue to prevent a judge before whom an indictment was pending from proceeding with the case upon the ground that the defendant had theretofore been acquitted of the same offense, that this was matter of defense in that suit, and the court having the case before it had jurisdiction to try the issue arising upon a plea setting up such defense. While, of course, in this case it is not insisted that the discharge of the petitioner by one justice is a bar to any proceeding against him, still it is relied upon as barring any other justice from conducting a like examination, and the same principle is involved as that announced in *Bracey* v. *Robinson, Judge, supra.* In *Ex parte Page,* 77 W. Va. 467, the petitioner sought discharge by *habeas corpus* from imprisonment under a judgment rendered by a justice of the peace. The facts were that a warrant had been issued charging him with an offense. He appeared before the justice who issued this warrant, and the hearing thereon was continued to a subsequent day. Thereafter, and

before the time fixed for such hearing, another justice issued a warrant against him for exactly the same offense, and tried and convicted him thereon. This court held that the pendency of the warrant before the first justice would be a bar to any proceeding before the second justice, but that this defense must be made upon the trial before such second justice.

It is argued here that should the justice issuing the second warrant in this case refuse to discharge the petitioner upon the showing that he had been theretofore tried before another justice, he would be without remedy by appeal, and would have to give bond for his appearance before the criminal or circuit court, or else be committed to jail; that there is no method provided for reviewing the action of a justice upon such a preliminary hearing. It is quite true that there is no method provided by statute by which the action of a justice committing a party to trial can be reviewed, but still if a justice should, in flagrant violation of the law, hold one for trial and commit him to jail, there are many cases holding that the writ of *habeas corpus* is effectual to secure his discharge. *Ex parte Samuel,* 82 W. Va. 486. If it is shown beyond question and without controversy that the accused party should not be held, it may be said that a justice of the peace holding him under such circumstances would be exceeding his jurisdiction. *Ex parte Wilson,* 114 U. S. 417; *Ex parte Milligan,* 4 Wall. 2; *In re Snow,* 120 U. S. 274; *Ex parte Lange,* 18 Wall. 163; *In re Nielsen,* 113 U. S. 176. And in the case of *Ex parte Page,* 77 W. Va. 467, we held that where a justice rendered a judgment which the law did not authorize, the petitioner would be discharged from imprisonment under that judgment upon a writ of *habeas corpus.*

We are of opinion that, if the matter relied upon by petitioner is a bar to a hearing upon the second warrant, he must present it to the justice before whom he is brought for such hearing. The writ of prohibition prayed for is denied.

*Writ denied.*