STATE OF WEST VIRGINIA

*v.*

DENZIL JACKSON RILEY

(No. 15051)

Decided February 24, 1982.

*Frank E. Simmerman, Jr.,* for appellant.

*Chauncey H. Browning,* Attorney General, *and Leonard B. Knee,* Assistant Attorney General, for appellee.

HARSHBARGER, JUSTICE:

In June, 1978, a check-making machine belonging to Smith Lumber Company in West Union was stolen. Eight checks written on the machine were allegedly cashed by the defendant, Denzil Jackson Riley. Each was cashed at a different time, place, and for different amounts.

## I.

Eight separate indictments (79-F-20 through 79-F-27) were returned against Riley, charging him with forgery and uttering each of the eight checks. He moved that the State indicate which indictment it would proceed upon, and that the State limit its evidence to that particular indictment. The State proceeded on 79-F-22. The Circuit Court of Harrison County directed a verdict of acquittal on the forgery count; the jury found him not guilty of uttering.

During the next term, however, the Grand Jury for Harrison County returned two indictments charging Riley with forging and uttering the same two checks that had been charged in 79-F-20 and 79-F-21. He was tried and convicted on both counts in one of them.

Defendant argues that trial on this second indictment violated our state and federal constitutional prohibition against double jeopardy. In *State ex rel. Dowdy v. Robinson,* 163 W.Va. 154, 257 S.E.2d 167 (1979), this Court adopted both the same evidence test and the same transaction test to determine whether double jeopardy rules had been violated. A judge should apply the test

that will provide a particular defendant with the greatest amount of constitutional protection.

However, this case was pre-*Dowdy*, and in *State ex rel. Johnson v. Hamilton*, ____ W.Va. ____, 266 S.E.2d 125 (1980), *modified on other grounds, State ex rel. Watson v. Ferguson*, ____ W.Va. ____, 274 S.E.2d 440 (1980), we decided that *Dowdy* should not be given retroactive application. Furthermore, double jeopardy rules were not violated here under either *Dowdy* or pre-*Dowdy* standards. *See State ex rel. Zirk v. Muntzing*, 146 W.Va. 878, 122 S.E.2d 851 (1961). We have separate forgeries and utterances of separate checks that were cashed at separate places and at separate times. *Accord, Gowler v. State*, 589 P.2d 682 (Okla. Crim. 1978). The only thread common to all these checks was that they were allegedly written on the same check-writing machine. This fact alone is not enough to evoke double jeopardy.

## II.

After Riley became a suspect, police obtained samples of his writing from his mother. Expert analysis of those samples proved inconclusive, so police obtained additional samples from him while he was in custody on other charges. He requested an attorney, and after several calls, one came to see him. He testified that he told Riley that he could not represent him on these charges, but remembered adding that maybe Riley should give the samples to the police to "get them off his back." The police assumed that the lawyer was acting as a representative for defendant, who then wrote the samples.

The trial court erred in admitting those samples. W. Va. Code, 57-2-1, at that time (since amended to exclude this provision) provided that:

> In any civil suit or proceeding at law or in equity, and in any criminal action or proceeding, any writing proved to the satisfaction of the judge to be in the handwriting of the person who is alleged to have written it, and not written for purposes of comparison, *except under the supervi-*

*sion of the judge,* may be used with or without the testimony of witnesses for the purpose of making a comparison with a disputed writing as evidence of the genuineness or otherwise of such disputed writing. (Emphasis supplied.)

The handwriting samples obtained expressly for comparison were incorrectly admitted here because they were not obtained under the direct supervision of a judge. In fact, this judge probably had no knowledge of the samples until the case came to trial.

Admission into evidence of handwriting samples not taken according to Code, 57-2-1, is reversible error.

*Reversed and remanded for new trial.*