DETERMINED IN THE

# SUPREME COURT

OF THE

## STATE OF COLORADO.

### SEPTEMBER TERM, 1895.

### DAVIS ET AL. v. THE PEOPLE.

|  |  |
|---|---|
| 22 | 1 |
| 23 | 455 |

|  |  |
|---|---|
| 22 | 1 |
| f38 | 511 |

1. CRIMINAL LAW—AUTREFOIS ACQUIT.

Where the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, the plea of *autrefois acquit* is generally good as a bar to the second prosecution.

2. SAME.

Conspiracy to commit a crime and the act of committing the contemplated crime being different and distinct offenses, the conviction or acquittal of one cannot be pleaded in bar to an indictment for the other.

3. CRIMINAL PRACTICE—SEPARATE TRIALS.

When a case as contemplated by the statute (Sess. Laws, 1891, p. 132) is presented, it is the duty of the court to grant a severance as a matter of right.

4. SAME—CONSPIRACIES.

Where defendants are jointly indicted for a felony, and there is evidence which would be material as to one defendant, but inadmissible as to others, the one against whom such evidence is admissible should be tried separately. The rule applies to conspiracy cases.

*Error to the District Court of Arapahoe County.*

VOL. XXII—1 (1)

Mr. THOMAS WARD and Mr. H. L. EMERSON, for plaintiffs in error.

THE ATTORNEY GENERAL and Mr. F. P. SECOR, for the People.

MR. JUSTICE GODDARD delivered the opinion of the court.

The plaintiffs in error, Esau Davis, Thomas Drew, Maud Sullivan, James Burns, and Timothy Drew, were indicted upon a charge of conspiracy to commit a felony, to wit, larceny of money from one Mike Johnson.  As a bar to prosecution under this indictment, Maud Sullivan filed a plea of former conviction, and Timothy Drew filed a plea of former acquittal.  These pleas set forth that at the January term, 1894, of the district court of Arapahoe county, Maud Sullivan and Timothy Drew were tried upon an indictment charging them with stealing the money in question from Johnson ; that upon such trial Maud Sullivan was convicted of the crime charged and sentenced to the penitentiary for the period of six years, and that said judgment and sentence remained in full force and unreversed.

Timothy Drew was acquitted.  The indictment charged both as principals, but it appeared from the plea filed by Timothy Drew, and the admission of the prosecuting attorney, that he was tried thereunder as an accessory before the fact ; and, that while he was not present at the time the larceny was committed, he had devised the transaction and advised and encouraged Maud Sullivan to commit the crime.

It is evident, therefore, that the facts necessary to show his guilt as accessory before the fact are essential to show him guilty of the conspiracy charged in this indictment.   In other words, the criminal conduct that would constitute him an accessory before the fact, where the object of the conspiracy has been consummated, is the same that would prove him a conspirator where the contemplated crime is not completed.

It is laid down by Wharton, as a general rule, that "where

the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, * * * the plea is generally good." Wharton's Crim. P. & P., sec. 456. And he also lays down the doctrine that an acquittal as principal bars an indictment as an accessory when, as under our statute, accessories may be indicted as principals. Sec. 458.

We think it too clear for discussion that the facts alleged, and admitted by the demurrer, constitute a good plea of former acquittal, and the court erred in sustaining the demurrer to the same.

The plea of former conviction on the part of Maud Sullivan presents a different question. As to her, the evidence necessary to sustain a conviction under the former indictment is not necessary to show her guilty under the present, since the actual commission of the larceny itself did not involve her conduct as a conspirator to perpetrate that crime. Therein her case differs from that of Timothy Drew, and the only question presented by her plea is whether one who has been convicted for committing the crime that is the object of the conspiracy can also be convicted upon the charge of conspiring to commit the crime.

There is a diversity of opinion upon the question in the adjudicated cases, some of the courts holding that if there is a conspiracy to commit a felony, conspiracy being a misdemeanor, if the felony is committed, there can be no conviction for the conspiracy, since it merged in the felony. Bishop, in his work on Criminal Law, sec. 614, questions the correctness of this doctrine, and says the authorities agree that such rule is not applicable where the object of the conspiracy is also a misdemeanor.

Under our statute (Session Laws, 1891, p. 125, sec. 2) the conspiracy to commit a felony is also made a felony. The doctrine of merger, therefore, does not apply. *State v. Mayberry,* 48 Me. 218.

The act of conspiracy and the act of committing the contemplated crime being different and distinct offenses, the

conviction or acquittal of one cannot be pleaded in bar to an indictment for the other. *State v. Sias,* 17 N. H. 558; *Whitford v. State,* 24 Tex. App. 489; *Regina v. Button,* 11 Ad. & Ell. 929.

The demurrer to the plea of Maud Sullivan was therefore properly sustained. Before the trial each of the defendants filed a motion for a separate trial, upon the ground that there was testimony admissible against each that was inadmissible as to any of the other defendants, predicating such motions upon the following statute:

"SECTION 1. When two or more defendants are jointly indicted for any felony, any defendant against whom there is evidence, which does not relate to the reputation of such defendant, and which would be material and admissible as to such defendant, if tried separately, but which would be inadmissible as to any other of said joint defendants if tried alone, such defendant against whom evidence as aforesaid, is material and admissible, shall be tried separately. In all other cases, defendants jointly indicted or prosecuted, shall be tried separately or jointly in the discretion of the court." Session Laws, 1891, p. 132.

In support of these motions, the evidence taken upon the prior trial of Sullivan and Drew was presented, from which evidence it appeared that statements made by Maud Sullivan, as testified to by Cora Cowden and other witnesses, and which were admissible against her if tried separately, were inadmissible as against any of the other defendants; and the testimony of the witness Carr, as to statements made to him by Davis, which were admissible against Davis if tried separately, but inadmissible against the other defendants.

In its instructions the court recognizes the fact that testimony had been admitted which was admissible against certain of the defendants, but inadmissible as to the others, and sought to limit the effect of such testimony as to such other defendants.

The language of this statute is positive and unequivocal,

and when a case, as therein contemplated, is presented, it is made the duty of the court to grant a severance as a matter of right. *State v. Knight*, 3 Baxt. (Tenn.) 418; *Willey v. State*, 22 Tex. App. 408; *Andy v. State*, 87 Ala. 23.

It is clear that the legislature, by the enactment, intended to change the common law rule that existed prior thereto, which left the granting of separate trials to defendants jointly indicted to the discretion of the court.

But it is contended that the statute was not intended to apply to cases of conspiracy. With this we do not agree. We regard the statute as applicable to cases of conspiracy, under the well settled rule that after a conspiracy has been established to the satisfaction of the court, statements of one of the alleged conspirators while carrying out the common design are admissible as a part of the *res gestæ* against his coconspirators; but after the conspiracy is consummated, the acts or declarations of one are not admissible as against others jointly charged.

A severance, therefore, would work no prejudice to the people, since it is a matter of right, and could be demanded only in case the testimony was of the latter character. That conspiracies are proper cases for severance, see *Casper v. State*, 47 Wis. 535; *Watson v. State*, 16 Lea (Tenn.), 604; *Willey v. State, supra; Regina v. Ahearne*, Cox's Crim. Law Cases, vol. 6, p. 6.

We think this case well illustrates the wisdom of the statute, and the injurious results that usually follow from the introduction of testimony admissible against one defendant and inadmissible as to the others, where such defendants are tried jointly, and the necessity of granting a severance upon the conditions prescribed in the statute. We are unable to find, upon a careful reading of the evidence, any testimony that tended in any degree to show guilt on the part of some of the defendants, other than the statements testified to have been made by their codefendants, and admissible only as to those making them, and are satisfied that a verdict of guilty against them resulted solely from

their being tried jointly with such other defendants. It follows that the court erred in refusing defendants separate trials. For this reason the judgment is reversed and the cause remanded.

*Reversed.*