## STATE v. SWITZER.

1. FORMER JEOPARDY—ARSON.—To ascertain whether one acquittal is a bar to another indictment, the test generally applied is whether the evidence necessary to support the second indictment would have been sufficient to support a legal conviction upon the first, and here an acquittal on an indictment charging attempt to commit arson, in attempting to burn a storehouse within the curtilage, is a bar to an indictment under statute for attempting to burn the same storehouse.
2. Exceptions held not too general.

Before GARY, J., Greenville, May, 1902.    Affirmed.

Indictment·against Morris Switzer.    From order sustaining plea of former jeopardy, State appeals on following exceptions:

"Please take notice that, pursuant to notice duly served, the State appeals from the judgment of the Court of General Sessions made in above case at the summer term, on the following grounds:

"1. Because the Judge erred in sustaining the foregoing plea of *autrefoi acquit* made by the defendant to the foregoing indictment.

"2. Because his Honor erred in holding that the offense charged in this indictment was the same charged in the case of the State *v.* Morris Switzer, in which the Court at the spring term, 1902, ordered a verdict of 'not guilty.' "

Respondent moved to dismiss the appeal because the exceptions pointed out no specific error of law.

*Solicitor Boggs,* for appellant (no citations).

*Messrs. B. M. Shuman* and *M. F. Ansel,* contra. *Mr. Shuman* cites: *This Court has no jurisdiction to consider question of fact in law case:* Con., art. I., sec. 4; 62 S. C., 377; 58 S. C., 427; 59 S. C., 560. *Exceptions pointing out no specific error should not be considered:* 24 S. C., 273; 48 S. C., 76; 45 S. C., 107; 52 S. C., 449; 62 S. C., 574; 41 S. C., 360; 41 S. C., 309; 59 S. C., 87. *First indictment charges attempt to commit arson, and second indictment charges an attempt to set fire to same storehouse:* Crim. Code, 143; 35 S. C., 262. *On same facts series of criminal charges cannot be preferred:* 1 Bish. Cr. L., s. 1060-11; 46 S. C., 13; 11 Am. St. R., 773; 4 L. R. A., 845; 62 N. Y., 117; 60 Ala., 43. *Plea of former jeopardy will be sustained, although Judge directed verdict:* 1 Bish. Cr. L., s. 1046; 4 McC., 254; 2 Tr. Con. R., 517. *Plea of autrefoi acquit may not include plea of former jeopardy:* 1 Bish. Cr. L., s. 1014; 47 S. C., 166; Con., art. I., sec. 17. *Attempt is governed by same rules:* 3 Ency., 2 ed., 250. *Indictments being different, proof may show same offense:* 1 Bish. Cr. L., sec. 1050. 46 S. C., 13.

February 9, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES. In this case the State appeals from an order sustaining defendant's pleas of former acquittal and once in jeopardy. It appears that the defendant was acquitted on trial under a former indictment, charging: "That the

said Morris Switzer, on the 16th day of March, in the year of our Lord one thousand nine hundred and one, with force and arms, at Greenville Court House, in the county and State aforesaid, did feloniously, wilfully and maliciously attempt to set fire to the storehouse, storeroom and building of the estate of one H. A. Cauble, deceased, held in trust by one R. E. Bowen, there situate, the same being within the curtilage or common inclosure of a room wherein persons habitually slept, whereby such sleeping apartment was endangered, against the form of the statute in such case made and provided, against the peace and dignity of the same State aforesaid."

The second indictment, to which the pleas at bar were directed, charged as follows: "That Morris Switzer, late of the county and State aforesaid, on the 16th day of March, in the year of our Lord one thousand nine hundred and one, with force and arms, at Greenville Court House, in the county and State aforesaid, did feloniously and maliciously attempt to set fire to the storehouse of M. H. Finlay and William Finlay, partners in business under the firm name and style of Finlay Brothers, with intent feloniously, wilfully and maliciously to set fire to, burn and consume said storehouse of said Finlay Brothers, partners as aforesaid, by kindling a fire in and attempting to burn and consume the storehouse then and there occupied by him, the said Morris Switzer, adjacent to and adjoining the storehouse of the said Finlay Brothers, partners as aforesaid, each of said storehouses being under one common roof and the same second floor, extending over and across each of the said two storehouses; and the said houses having one brick wall eight inches thick, common to both; so that by then and there kindling such fire, the said Morris Switzer did attempt feloniously, wilfully and maliciously to burn and consume the storehouse of the said Finlay Brothers, partners as aforesaid, contrary to the statute in such case made and provided, and against the peace and dignity of the State." The Circuit Court in sustaining defendant's plea held that both indictments were predicated

upon the same acts, the same setting fire to the same building, and charged the same offense. The State, appellant, excepts, alleging error in holding that both indictments charged the same offense.

Art. I., sec. 17, of the State Constitution, provides: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or liberty." In order, therefore, to sustain the plea of former jeopardy and former acquittal, it must appear that the offense charged in the subsequent indictment is substantially the same as that charged in the prior indictment. This presents a mixed question of law and fact; and in so far as the facts are concerned, the finding of the Circuit Court is not reviewable in this case. But we do not understand that there is any dispute that both indictments are based upon the same act, or alleged act, of setting fire to the same building. The defendant so states in his written plea, and it does not appear to have been contested. At any rate, the Circuit Court so finds. In determining whether both indictments charged the same offense, the test generally applied is, "whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first?" *State* v. *Glasgow,* Dudley, 42; *State* v. *Thurston,* 2 McMullan, *395; 17 Ency. of Law, 2 ed., 597, and cases cited in the notes. This test, while perhaps not infallible, will generally prove useful and adequate. Assuming, as we must, that both indictments are based upon the same alleged attempt to set fire to the same building, the only difference between the two indictments is that in the first the building or storehouse was described as being "within the curtilage or common enclosure of a room wherein persons habitually slept, whereby such sleeping apartment was endangered;" whereas, in the second indictment, the same building was described as occupied in one apartment by defendant and in the adjacent apartment by Finlay Brothers as a storeroom, which latter it was alleged defendant attempted to burn, by setting fire to the storeroom occupied by himself,

both being under a common roof as parts of the same build-
ing.   Both indictments charged an attempt to commit arson,
as defined in sec. 143, Criminal Code, which provides that
"the wilful and malicious setting fire to or burning any house
of whatever name or kind, within the curtilage or common
enclosure of any house or room wherein persons habitually
sleep, whereby any such dwelling house or sleeping apart-
ment shall be endangered, also the wilful and malicious set-
ting fire to or burning any * * * storehouse * * * shall be
deemed arson, &c."   The first indictment, doubtless, sought
to charge an attempt to commit the felony of arson as de-
scribed in the first clause of above statute, while the second
indictment sought to charge an attempt to commit arson as
defined in the second clause of said statute; but it will be
noticed that both indictments describe the same building as
attempted to be burned, and such building was a "store-
house," the burning of which would be arson, whether within
the curtilage or not.   As under the statute, the burning of a
storehouse of another would be arson, whether within or
without the curtilage or common enclosure of a dwelling
house or sleeping apartment, so it would be an indictable
offense to attempt to commit arson of a "storehouse,"
whether such house was within the curtilage or not.   When
the building burned, or attempted to be burned, is one of
those named in the statute specifically, it is immaterial
whether such building is within or without the curtilage or
common enclosure.   Applying, then, the test above men-
tioned, the evidence necessary to support the second indict-
ment would have been sufficient to procure a legal conviction
upon the first.   It is not sound to say unqualifiedly that more
than one criminal offense cannot be predicated upon a single
act; for when a single act combines the requisite ingredients
of two *distinct* offenses, the defendant may be separately
indicted and punished for each, as shown in *State* v. *Taylor,*
2 Bailey, 49, and *State* v. *Thurston,* 2 McMullan, 395.   But,
as we have attempted to show, the offense charged in the
second indictment is not *distinct* from that charged in the

first indictment.  *State* v. *Copeland,* 46 S. C., 14, 23 S. E. R., 980.

Having reached the conclusion that the judgment of the Circuit Court should be affirmed on the merits, we do not deem it important to specially notice respondent's motion to dismiss the appeal upon certain technical grounds, all of which have been considered and deemed insufficient.

The judgment of the Circuit Court is affirmed.