149 So. 354

## WEST v. STATE.
### 7 Div. 957.

Court of Appeals of Alabama.
June 30, 1933.

Hugh Reed, of Center, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

 There is no evidence in this record that this defendant actually engaged in the manufacture of whisky. The state's case rests in inferences to be drawn by the jury from facts from which it might be inferred that defendant aided and abetted others in the commission of the crime. In other words, the case made by the state is purely circumstantial. Where this is the case, the question of guilt rests with the jury, and the giving of the general affirmative charge requested by the state is error.

 Under our Code 1923, § 3196, the distinction of accessory before the fact and a principal has been abolished, and therefore, under our law, one who aids and abets in the commission of a felony is equally guilty as

a principal. Alexander v. State, 20 Ala. App. 432, 102 So. 597. But, in order to authorize a conviction as an aider or abettor, there must be by prearrangement, or on the spur of the moment, a common enterprise or adventure and a criminal offense contemplated. In such a case each is a conspirator, and, if the purpose is carried out, each is guilty of the offense committed, whether he did any overt act or not. This rests on the principle that one who is present, encouraging, abetting, or assisting the active perpetrator in the commission of the offense, is a guilty participant. This guilty participation need not be proved by positive testimony, and rarely is. The jury are to determine its existence from the facts in the case. Jones v. State, 174 Ala. 53, 57 So. 31. An accessory before the fact presupposes a prearrangement to do the act or a present aid or abetting.

The evidence for the defendant in this case tends to prove that he was not an accessory before the fact, and that he did not aid or abet the crime. The court erred in giving at the request of the state the general affirmative charge, and the judgment is reversed and the cause is remanded.

Reversed and remanded.