19357

The STATE, Respondent, v. Cody R. STEADMAN, Jr., Appellant

(186 S. E. (2d) 712)

Bussey, J., dissented in part and filed opinion in which Brailsford, J., concurred.

*Wendell O. Adams, Esq.,* and *Mrs. Betty M. Sloan, for Appellant,* cite:

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Timothy G. Quinn, Asst. Atty. Gen.,* of Columbia, and *Marion H. Kinon, Sol.,* of Dillon, *for Respondent,* cite:

534

January 17, 1972.

LEWIS, Justice.

Appellant, Cody R. Steadman, Jr., has appealed from his conviction and sentence at the September 1970 term of the Court of General Sessions for Dillon County of (1) conspiracy to commit burglary and (2) accessory before the fact of burglary. He challenges the judgment of conviction on grounds, generally, that there was no evidence to sustain it and because of several alleged trial errors.

Appellant was jointly indicted, with five others for his participation in the breaking and entering of South of the Border Motel, near Dillon, South Carolina. All were jointly indicted for conspiracy. Three of his codefendants, who actually broke and entered the motel, were additionally charged with burglary and assault with intent to kill. One of these plead guilty as charged, one was granted immunity and testified for the State, and the other has not been brought to trial. Appellant and the remaining two codefendants, who were not present at the time of the burglary, were charged, in addition to conspiracy, with the offense of accessory before the fact, and were convicted by the jury as charged, receiving consecutive sentences of five years for conspiracy and ten years on the charge of accessory. Appellant and a codefendant Greuling have prosecuted separate appeals, that of Greuling being disposed of in a separate opinion, filed herewith.

When the case was called for trial, appellant, along with his codefendants, jointly moved for a continuance and also for a change of venue, both of which were refused by the trial judge. It is charged that this was error.

It is well settled that motions for a continuance and for a change of venue are addressed to the sound discretion of the trial judge and his disposition of such motions will not be reversed unless it is shown that there was an abuse of such discretion.

Appellant was arrested during the latter part of August 1970. Apparently counsel was immediately secured. A preliminary hearing was held on September 1, 1970 and the trial was begun on September 28, 1970. The motion for continuance was made upon the ground that counsel, during the one month interval between his employment and the trial, did not have sufficient time to adequately prepare appellant's defense. The factual basis for the motion is identical to that relied upon by his codefendant Greuling. Our holding in the Greuling appeal, filed this date, that there was no showing of an abuse of discretion in the denial of the motion, renders further discussion of this question unnecessary.

The motion for a change of venue was made upon the grounds that a fair and impartial trial could not be obtained in Dillon County because of the wealth, prominence and influence of the prosecuting witness and the pre-trial publicity in the local newspapers concerning the offense. The record is devoid of any factual support for the motion and it was therefore properly denied.

We find no abuse of discretion in the refusal of the trial judge to grant the motions for a continuance and change of venue.

Appellant next contends that the "court erred in its judicial interference, participation and comments in the proceedings, all to the prejudice of the accused." This question cannot be sustained for three reasons, each sufficient, namely: First, the exception forming the basis for the question is too general to be considered, Rule 4, Section 6, of the Rules of this Court; second, any right to object to the alleged prejudicial "interference, participation,

and comments" of the trial judge was waived by the failure to interpose timely objection during the trial, *Parks v. Morris Homes Corporation*, 245 S. C. 461, 141 S. E. (2d) 129; *Lipscomb v. Poole*, 247 S. C. 425, 147 S. E. (2d) 692; and third, the record fails to sustain the charges made.

The fourth and thirteenth exceptions argued in appellant's brief present one question, to wit: Did the court err in failing to charge the jury that it was their duty to consider hearsay evidence only as to the conspiracy charge, and that such evidence could not be considered in connection with the charge of accessory before the fact?

The foregoing instruction was not requested when the trial judge gave counsel the opportunity to call attention to any omission in the charge, and the failure to do so at that time constitutes a waiver of any right to complain on appeal of the alleged error. Section 17-513.1, 1962 Code of Laws; *State v. Starnes*, 213 S. C. 304, 49 S. E. (2d) 209.

Appellant has also filed exceptions charging that the lower court erred in refusing to grant his motion for a directed verdict as to the crime of conspiracy since the only testimony to prove the offense was that of an alleged coconspirator. The sole issue presented by this exception is whether the uncorroborated testimony of a coconspirator is sufficient to sustain a conviction for conspiracy. The exception is overruled.

In *State v. Rutledge*, 232 S. C. 223, 101 S. E. (2d) 289, a defendant was convicted of receiving stolen goods and conspiracy to commit the crime of robbery. The State relied largely, if not entirely, on the testimony of coconspirators. In disposing of the identical question here raised, the court held:

The first question raised is that a conviction cannot stand upon the uncorroborated testimony of an accomplice. Such is not the law in South Carolina. The weight to be given the testimony of an accomplice is for the fact finding body

and if his uncorroborated evidence satisfies the jury of the defendant's guilt beyond a reasonable doubt, a conviction is warranted.

A codefendant and coconspirator, Johnny Strickland, plead guilty at the beginning of the trial to conspiracy, burglary, and assault with intent to kill. Sentence was deferred until after the trial and he testified as a witness for the defense. It is now contended that the delay in sentencing the codefendant Strickland denied appellant the right of compulsory process for obtaining the testimony of this witness for the defense. This is apparently based upon the contention that an alleged plea bargain with Strickland had the effect of inducing him to refrain from giving favorable testimony in behalf of the appellant.

The record is devoid of any factual support for the statement that the codefendant's plea was induced by a promise of leniency, or so-called plea bargain. The mere fact that the sentencing of the codefendant was deferred until after trial did not deprive appellant of any constitutional right of compulsory process to obtain the codefendant's testimony. A somewhat similar contention was made and rejected in *State v. Avery,* 255 S. C. 570, 180 S. E. (2d) 190.

Appellant also assigns error in the ruling of the trial judge with respect to the introduction in evidence of a written statement made by a witness Ware. This witness was an admitted participant in the crime and had been granted immunity by the State. While testifying as a witness for the State and during his cross examination by counsel for the codefendant Greuling, it developed that Ware had given a written confession some time after his arrest. Ware had been given a copy of his statement in compliance with the provisions of Sections 1-65, 26-7.1, and 26-7.2 of the 1962 Code of Laws, but did not have it at the trial. However, a copy was furnished by the State to counsel for the defendants; and counsel for Greuling, during his cross examination of Ware, had the copy marked for identification. He

thereafter proceeded to cross examine Ware relative to the contents of the statements in an attempt to show inconsistencies between it and Ware's trial testimony. Upon objection by the State, the court ruled that, if the witness was to be examined as to the contents of part of the statement, all of it must be introduced in evidence. The statement was then placed in evidence as an exhibit for the codefendant Greuling.

■ The basis of the exception is solely that the court erred in requiring defense counsel to put the statement in evidence for the purpose of cross examination during the presentation of the State's case. In appellant's brief, it is argued, additionally, that the statement should have been excluded because the witness had not been given a copy thereof as required by Sections 1-65, 26-7.1, and 26-7.2, *supra*. As to the first contention, the record is devoid of any showing of prejudice from the ruling of the trial judge. As to the additional argument in the brief, there is a complete absence of any factual support for it in the record. On the contrary, the record shows that the statutes were complied with.

■ The next question relates to the admissibility of an alleged confession made by the defendant. The admissibility of the confession is challenged solely on the grounds that the trial judge, in making the independent finding as to voluntariness, relied solely upon the testimony of the officer to whom the alleged confession was made, and failed to call appellant as a witness to refute the officer's testimony.

There were only two persons who had knowledge of whether the alleged confession was made. These were the officer to whom it was allegedly made and the appellant. The trial judge initially conducted a hearing in the absence of the jury to determine whether there was a confession and, if so, whether it was voluntarily made. The officer to whom it was allegedly made testified and was cross examined. Be-

fore ruling upon the admissibility of the confession, the trial judge inquired of counsel as to whether there was "any other evidence to be considered." Although he was thus afforded an opportunity to offer testimony out of the presence of the jury, appellant did not testify. Having failed to avail himself of the opportunity to present testimony as to the alleged confession, he has no standing to now complain of the determination of the issue by the court solely on the testimony offered by the State.

It is next contended that "the court erred in permitting the Solicitor to take the witness stand and testify for the prosecution in the presence of the jury." This exception is overruled. No such objection was interposed at the trial and it cannot be raised for the first time on appeal.

Exception is also taken to the charge to the jury as it related to the definition of burglary. The exceptions, in this connection, charge only that the definition of a dwelling, as it pertains to burglary, was erroneous, and that certain language of the charge as to burglary constituted a charge on the facts.

At the conclusion of the charge to the jury, counsel for appellant requested that the trial judge withdraw the definition of a dwelling as given to the jury and that, instead, the language of the statute, Section 16-301, 1962 Code of Laws, be substituted. This request was refused upon the ground that the question had been adequately covered in the charge.

A dwelling, for the purpose of burglary, is defined in Section 16-301 as follows:

. . . any house, outhouse, apartment, building, erection, shed or box in which there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property shall be deemed a dwelling house.

The testimony shows that the alleged crime was committed at South of the Border, a motel, located in Dillon County, South Carolina. There is maintained a general office building on the premises. The prosecuting witness testified that he maintained an apartment on the second floor of the office building, in which he resided from time to time, and that he used the adjacent area for business purposes. He was in his business office, adjoining the living area, at work, in the early morning hours, when the alleged unlawful entry was made and, at pistol point, the robbery, out of which these charges grew, was attempted.

The trial judge, in defining burglary, instructed the jury that the crime consisted of the breaking and entry in the nighttime of the dwelling or home of another for the purpose of committing a felony. He further instructed the jury that it was not necessary that the entire building be devoted to dwelling purposes, nor that the dwelling area entered be constantly inhabited every day or night of the year; and that the dwelling area might be in a building a portion of which is devoted to business purposes. It was made clear that the area entered must be devoted to dwelling purposes. The charge correctly and adequately defined a dwelling, under the facts of this case, and no error was committed in refusing to withdraw these instructions and substitute therefore the language of Section 16-301, *supra*.

Neither is the charge subject to a valid criticism, as claimed, that it constituted a comment on the facts. The trial judge prefaced a comment with the statement that it was by way of illustration. The comment related to the breaking and entry of an apartment used for both business and dwelling purposes. While it was designated by the trial judge as an illustration, it was nothing more than a general statement of law and did not constitute a comment on the facts.

It is also contended that the trial judge erred in refusing, upon request, to instruct the jury that, in determining the credibility of the testimony of the witnesses, "they have the right if not the duty to take into consideration any bias or prejudice or hope of reward that a witness might have."

The State relied for conviction in this case largely upon the uncorroborated testimony of a coconspirator, who had been granted immunity by the State.

The trial judge instructed the jury that it was their duty to pass upon the credibility of the testimony of the witnesses and that they could reject any part of the testimony if they found good reason for so doing. The instructions clearly left to the jury the determination of the credibility of the testimony of the witnesses and the record shows no prejudice from the failure to give the requested instruction. The exception is accordingly overruled.

Error is also charged in the failure of the trial judge to permit the jury to take into the jury room, during its deliberations, a tape recorded conversation between the appellant and the investigating officer. The jury heard the tape recording during the trial, as it did all of the other testimony, and no reason appears why the failure of the jury to have this tape recorded testimony in the jury room prejudiced the appellant. The jury understood their right to have their memory refreshed as to any testimony in the case and so exercised that right, as to certain testimony, during their deliberations.

It is further contended that error was committed in the refusal to grant appellant's motion for a directed verdict of acquittal on the charge of accessory before the fact of burglary. There was ample evidence to support appellant's conviction.

There was testimony that the participants in the crime consisted of those who helped plan it and others who would actually commit it, all to share in the fruits of the robbery.

The place to be robbed was a building on the premises of South of the Border Motel, near Dillon, South Carolina. Appellant, a former employee of the motel, was familiar with the layout of the building and, inferentially, furnished a drawing of the area in the building to be entered. Prior to the commission of the crime, appellant was seen in the company of codefendants, in Charleston, South Carolina, looking over a map of the motel area. There is testimony from which the inference can be drawn that, on a prior unsuccessful trip to commit the crime, one of the participants contacted appellant by telephone. After the crime was committed appellant assured a participant that everything would be all right. The planned crime was committed and appellant, according to the investigating officer, admitted his connection with it as one of those who assisted the planning.

The evidence sustained the conclusion that appellant joined in an unlawful scheme to rob the motel, and that he was to receive a share of the stolen property. Certain of his codefendants were constituted to commit the crime. There is an inference that the peculiar knowledge of appellant of the layout of the premises, the building entered, and its uses contributed to the execution of the unlawful scheme. The crime was committed as planned and directly in furtherance of the unlawful combination. The present record sustains the conclusion of the jury that appellant aided and encouraged the actual commission of the crime, and the motion for a directed verdict was properly denied. *Pinkerton v. United States*, 328 U. S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489.

The indictment contained two counts against appellant. In one, he was charged with conspiracy to commit burglary and in the second with accessory before the fact of burglary. The last question involves a determination of whether the trial judge erred in refusing appellant's motion to require the State to elect on which of the two counts in the indictment it would go to trial. The motion was made upon the ground that the offenses were so similar as to constitute double jeopardy if convicted of both.

The same issue was considered in the opinion filed this date in the appeal of the codefendant Greuling. We there held that conspiracy and accessory before the fact were separate and distinct offenses and that conviction of both did not offend the constitutional provisions against double jeopardy. For the reasons there stated the motion to require the State to elect was properly denied.

All exceptions are overruled and the judgment is affirmed.

Moss, C. J., and LTTLEJOHN, J., concur.

BUSSEY and BRAILSFORD, JJ., dissent.

BUSSEY, Justice (dissenting in part) :

For the reasons set forth in my dissenting opinion in the contemporary case of *State v. Greuling,* S. C., 186 S. E. (2d) 706, I would vacate the conviction and sentence for conspiracy as being in violation of Article I, Section 17 of the South Carolina Constitution.

BRAILSFORD, J., concurs.