19356

The STATE, Respondent, v. William P. GREULING, Appellant

(186 S. E. (2d) 706)

BUSSEY, J., filed opinion dissenting in part in which Brailsford, J., concurred.

*Richard G. Lawrence, Esq.,* of Hanahan, *for Appellant,* cites:

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Timothy G. Quinn, Asst. Atty. Gen.,* of Columbia, and *Marion H. Kinon, Sol.,* of Dillon, *for Respondent,* cite:

*Richard G. Lawrence, Esq.,* of Hanahan, *for Appellant, in Reply.*

January 17, 1972.

LEWIS, Justice.

Appellant, William P. Greuling, was jointly charged with five others in connection with the breaking and entering of South of the Border, a motel, located near Dillon, South Carolina. Three of the codefendants were charged with conspiracy, burglary and assault with intent to kill. One of these plead guilty, one was granted immunity by the State, and the other has not been brought to trial. Appellant, Cody Steadman, and Johnny Cameron were charged with criminal conspiracy to commit burglary and accessory before the fact of burglary. They were convicted on both charges and appellant received a sentence of five years for conspiracy and ten years for accessory before the fact, the sentences to run consecutively. Appellant and his codefendant Steadman have prosecuted separate appeals, that of Steadman being disposed of in a separate opinion filed herewith.

Appellant contends that the lower court erred in (1) refusing his motion for a continuance, (2) allowing his codefendant Steadman to introduce into evidence a tape recording of a conversation between Steadman and an investigating officer, and (3) denying a motion to require the State to elect on which of the two counts in the indictment it would go to trial.

We deal first with questions concerning the motion for a continuance. The agreed Statement shows that appellant was arrested on August 21, 1970 upon a warrant charging him with burglary and assault with intent to kill. Apparently counsel was immediately secured. Following a preliminary hearing on September 1, 1970, the charges against appellant were sent to the General Sessions Court for trial. On September 28, 1970, about thirty-seven days after his arrest, an indictment was returned charging appellant with (1) burglary, (2) assault with intent to kill, and (3) conspiracy. Thereafter, on the same day, a motion for a continuance was made upon the ground that more time was needed to prepare for trial. The motion was refused.

On September 29th, the day following the return of the original indictment and after the denial of the foregoing motion for a continuance, a new indictment against appellant and his codefendants was returned. The original indictment had charged appellant with burglary, assault with intent to kill, and conspiracy. The new indictment eliminated the previous charges against appellant, of burglary and assault with intent to kill, and charged him, along with his codefendants Steadman and Cameron, with only conspiracy and accessory before the fact, the latter offense not having been previously included as a charge against appellant.

· On the following morning, September 30th, appellant was arraigned on the charges contained in the new indictment and a jury was selected and sworn. After the jury was sworn, appellant's counsel again moved for a continuance on the ground that additional time was needed to prepare

for trial. This second motion for a continuance was denied upon the ground that, since the jury had already been sworn and the motion involved nothing that had transpired subsequent to the swearing of the jury, the motion came too late.

Appellant contends, first, that the trial judge abused his discretion in refusing the pretrial motion for a continuance and, second, that error was committed in refusing to entertain the second motion which was made after the jury was sworn.

The motion for a continuance was addressed to the sound discretion of the trial judge. The exercise of that discretion will not be interfered with unless there is an abuse thereof.

The motion was made upon the ground that counsel, during the one month interval between his employment and the trial, did not have sufficient time to adequately prepare appellant's defense. There is no contention that any witness was unavailable or that the granting of additional time would have produced others. Counsel conceded that he had interviewed the defense witnesses before trial, but contended that he had not talked to them "to the extent I would like to talk to them." There is no showing that counsel did not have ample time to adequately prepare for trial and consequently no abuse of discretion is shown or prejudice to appellant from the refusal of the motion for a continuance.

The contention that the trial judge erred in refusing to entertain the motion for continuance, made after the trial had begun and upon grounds which existed prior to trial, is without merit. The argument of appellant is simply that his second motion should have been granted because the new or second indictment contained a charge not previously included in the first indictment, thereby affording no opportunity to prepare a defense thereto.

Ordinarily, a motion for a continuance based upon grounds which exist prior to trial must be made before the jury is sworn.

The fact that the second indictment contained a charge not previously alleged was brought home to appellant when he was arraigned. If he desired to move for a continuance upon the ground that the indictment contained a new charge against him and that he was not prepared to meet it, the motion should have been made before the jury was sworn. Under these circumstances, the trial judge properly refused to entertain the motion.

Error is also assigned in the admission into evidence of a tape recorded conversation between appellant's codefendant Steadman and the investigating officer Wrenn. It is contended that its admission was prejudicial to appellant. The recording was introduced by the codefendant Steadman for the purpose of contradicting the testimony of the officer and to impeach his credibility. It was taped without the knowledge of the officer and was, in general, a discussion of the charges against appellant and his codefendants. In the course of the conversation, derogatory statements were made by the officer concerning appellant and his counsel. References were made to other crimes committed by a codefendant, but in no way connected to appellant.

Prior to the admission of the recording, the codefendant Steadman testified, without objection, as to derogatory statements made in the recorded conversation relative to appellant and his attorney. When the recording was admitted into evidence, the jury was clearly instructed that it had no evidentiary value whatsoever against appellant, was not to be considered as incriminating in any degree against him, and was introduced solely for the "purpose of contradiction and as to the credibility of the witness Wrenn."

We have had the benefit of the tape recording in question. After hearing it, we are convinced that the nature of the conversation was such that its consideration by the jury could be properly limited to the purpose for which it was admitted. In view of the fact that the witness Steadman had previously testified, without objection, as to derogatory

statements contained in the recording concerning appellant and his counsel, *State v. Motley,* 251 S. C. 568, 164 S. E. (2d) 569, and the explicit cautionary instruction by the trial judge as to the limited purpose of its admission, the admission of the recording resulted in no legal prejudice to appellant. The exception charging error in this regard is overruled.

The remaining exception charges error in the refusal of a motion to require the State to elect on which of the two charges in the indictment it would proceed to trial, *i. e.,* whether on the charge of conspiracy or accessory before the fact. Appellant's contention is that his "conviction on both charges was based on the same set of facts and required the same evidence and elements to convict him." He argues, therefore, that his conviction and sentence upon both offenses placed him in double jeopardy and amounted to the imposition of cruel and unusual punishment.

The testimony adduced at the trial is not included in the record and appellant does not challenge the sufficiency of the evidence to sustain the charges of both conspiracy and accessory before the fact. The question then is whether, *as a matter of law,* the nature of the offenses of conspiracy and accessory before the fact is such as to have required the State to elect.

The general principles governing the right to require an election between separate counts of an indictment are thus stated in *State v. Lee,* 147 S. C. 480, 145 S. E. 285:

"The rule in this State is that distinct offenses—felonies or misdemeanors—may be charged in separate counts of the same indictment, whether growing out of the same transaction or not. If the several offenses charged do not grow out of the same transaction, then the proper practice is to require the prosecuting officer to elect upon which count he will proceed. But, when several offenses charged grow out of the same transaction, then the prosecuting officer is not required to elect, and the court instructs the

jury to pass upon the several counts separately, and write their verdict accordingly. . . ."

It is conceded that the offenses charged against appellant arose out of the same transaction. Under the foregoing principle, if the charges constitute distinct offenses, the motion to require the State to elect was properly denied.

In determining whether acts arising out of the same transaction constitute separate and distinct offenses, the test generally applied is whether the evidence necessary to support one of the offenses charged is sufficient to procure a legal conviction of the other. If each offense charged involves proof of a necessary element which the other does not, the offenses are separate and distinct so as to permit trial and conviction under the same indictment, although they arise out of the same transaction. *Blockburger v. United States,* 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306; *State v. Steadman,* 216 S. C. 579, 59 S. E. (2d) 168.

Under the above test, the offenses of criminal conspiracy and accessory before the fact constitute separate and distinct offenses.

Conspiracy is defined "as a combination between two or more persons for the purpose of accomplishing a criminal or unlawful object or an object neither criminal or unlawful by criminal or unlawful means." Section 16-550, 1962 Code of Laws. This section prescribes the punishment for the offense.

In order to establish a criminal conspiracy it is not necessary that the purpose of the conspiracy be accomplished. As stated in *State v. Ferguson,* 221 S. C. 300, 70 S. E. (2d) 355; "In criminal conspiracy it is not necessary to prove an overt act. The gist of the crime is the unlawful combination. The crime is then complete, even though nothing further is done."

The elements which must concur in order to justify the conviction of one as an accessory before the fact were stated

in *State v. Farne,* 190 S. C. 75, 1 S. E. (2d) 912, as follows: "(1) That he advised and agreed, or urged the parties or in some way aided them, to commit the offense; (2) that he was not present when the offense was committed; (3) that the principal committed the crime." Section 16-1 of the 1962 Code of Laws provides that one convicted as an accessory before the fact shall be punished in the manner prescribed for the punishment of the principal felon.

In conspiracy, an unlawful combination must be shown, which is not necessary in establishing the offense of accessory before the fact. In accessory before the fact, it must be shown that defendant aided, counselled or encouraged the actual commission of the crime, which is unnecessary to the establishment of a conspiracy. Each offense therefore contains elements not necessary to the proof of the other. They, therefore, rest on different essential elements and are separate and distinct offenses, although arising out of the same transaction.

The contention of appellant that his conviction of both offenses constituted double jeopardy is without merit. The protection against double jeopardy applies to prosecution for the *same offense.* Appellant was convicted of separate offenses. The fact that they arose from the same transaction did not preclude his conviction of both within the meaning of the constitutional provision against double jeopardy. *Gavieres v. United States,* 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; *Pinkerton v. United States,* 328 U. S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489; *Pereira v. United States,* 347 U. S. 1, 74 S. Ct. 358, 98 L. Ed. 435; Annotation; 92 L. Ed. 185 and 98 L. Ed. 448.

Since the offenses are separate and distinct and carry different penalties, there was no double punishment.

The motion of appellant to require the State to elect on which of the two counts it would go to trial was, therefore, properly denied.

Judgment affirmed.

Moss, C. J., and LITTLEJOHN, J., concur.

BUSSEY and BRAILSFORD, JJ., dissent in part.

BUSSEY, Justice (dissenting in part) :

I am convinced that there is merit in the contention of the appellant that his conviction of conspiracy and accessory before the fact constituted double jeopardy, in violation of Article I, Section 17 of the Constitution of South Carolina. While the record in the instant case does not contain the testimony adduced at the trial, such is contained in the record in the case of *State v. Steadman,* S. C., 186 S. E. (2d) 712, the appeal in which was argued together with the instant appeal. From that record it appears that the State offered evidence that appellant participated in planning the burglary and that his automobile, inferentially with his consent, was used by the principals on the night of the burglary.

The question of whether conspiracy and accessory before the fact, with respect to the same substantive crime, constitute separate offenses or only one offense appears to be a question of completely novel impression in this jurisdiction. While the facts are somewhat dissimilar, admittedly the United States Supreme Court decisions cited in the majority opinion are authority for the proposition that the double convictions here do not offend the double jeopardy clause of the federal Constitution. South Carolina, however has its own constitutional prohibition against double jeopardy and we are free to make our own interpretation thereof as long as such does not detract from the minimum standards for the protection of individual and human rights established by the United States Supreme Court in its federal constitutional decisions. With all due respect to the decisions of that court, I find myself in accord with the dissenting opinion of Mr. Justice Rutledge in *Pinkerton v. United States,* 328 U. S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489, where in speaking of the dual convictions, he said,

"If it does not violate the letter of constitutional right, it fractures the spirit."

Contrary to the federal rule, numerous state courts of last resort, in a variety of factual situations, have held, in effect, that conspiracy and accessory before the fact are in substance one and the same offense and that double jeopardy inhibitions bar prosecution for two offenses. *State v. Bell,* 205 N. C. 225, 171 S. E. 50; *Davis v. People,* 22 Colo. 1, 43 P. 122; *State v. McNeil,* 161 Wash. 221, 296 P. 555; *State v. Muntzing,* 146 W. Va. 878, 122 S. E. (2d) 851, 94 A. L. R. (2d) 1033; *Ex Parte Resler,* 115 Neb. 335, 212 N. W. 765; *State v. Mowser,* 92 N. J. Law 474, 106 A. 416.

As pointed out in the majority opinion, the test generally applied to determine whether one, or more than one, offense is involved is that which has become somewhat popularly known as the "same evidence" test. This Court has previously had occasion in a number of instances to resort to this test, but never before had the occasion to consider its applicability to the charges of conspiracy and accessory before the fact. As long ago as *State v. Switzer,* 65 S. C. 187, 43 S. E. 513, this Court recognized that such rule, while generally useful and adequate, was not an infallible one. Research indicates that in more recent years such test has been the subject of a great deal of criticism by jurists and writers. See, *inter alia, Whitton v. State* (Alaska), 479 P. (2d) 302; *People v. De Sisto,* 27 Misc. (2d) 217, 214 N. Y. S. (2d) 858.

But even if infallibility be conceded to the "same evidence" test, a resort thereto in the instant case leads me to a conclusion opposite to that of the majority opinion. I respectfully submit that, applying this test, the offense of conspiracy *contains no element* which is not a necessary element of the offense of accessory before the fact and, hence, that conspiracy and accessory before the fact are, in substance, one and the same offense. An express agreement is

not essential to a conspiracy, a tacit, mutual understanding or meeting of the minds being sufficient. *State v. Fleming,* 243 S. C. 265, 133 S. E. (2d) 800. It is inconceivable to me how one can become an accessory before the fact without at least a tacit, mutual understanding with someone else that the substantive crime is to be committed. Hence, proof of accessory before the fact is also, without more, proof of conspiracy.

"Strictly speaking, in order to constitute one an accessory before the fact there must exist a community of unlawful intention between him and the perpetrator of the crime. The concept of an accessory before the fact presupposes a pre-arrangement to do the act. (See *West v. State,* 25 Ala. App. 492, 149 So. 354) ; * * *." *Morei v. United States,* CCA 6, 1942, 127 F. (2d) 827, 831.

In the fairly recent case of *State v. Bass,* 255 N. C. 42, 120 S. E. (2d) 580, the North Carolina court quoted with approval from 22 C. J. S. Criminal Law § 92, p. 271, the following,

"The concept of accessory before the fact has been held to presuppose some prearrangement with respect to the commission of the crime in question."

I would affirm only the conviction and sentence for accessory before the fact of burglary and would vacate the conviction and sentence on the charge of conspiracy, as being in violation of Article I, Section 17 of the South Carolina Constitution.

BRAILSFORD, J., concurs.