THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH 
 CAROLINA
 In The Supreme Court

 
 
 
 
 Spencer L. Gordon, 
 Respondent, 
 
 
 

v.
 
 
 
 
 State of South Carolina, 
 Petitioner. 
 
 
 

ON WRIT OF CERTIORARI

Appeal From York County
 Marc Westbrook, Trial Court 
 Judge
  John C. Hayes, III, Post-Conviction 
 Relief Judge

Memorandum Opinion No. 
 2004-MO-044
 Submitted February 19, 2004 
 - Filed August 16, 2004

REVERSED

 
 
 
 
 Attorney General Henry D. 
 McMaster, Chief Deputy Attorney General John W. McIntosh, Chief, Capital 
 and Collateral Litigation Donald J. Zelenka, and Assistant Attorney 
 General David A. Spencer, of Columbia, for Petitioner.
 Assistant Appellate Defender 
 Tara S. Taggart; and Tara Dawn Shurling, both of Columbia, for Respondent.
 
 
 

JUSTICE PLEICONES:  Spencer 
 Gordon (respondent) was indicted for trafficking cocaine under S.C. Code Ann. 
 § 44-53-375 (c).  Respondent was found guilty of conspiracy of possession with 
 intent to distribute crack cocaine, and was sentenced to twenty-one years imprisonment 
 and a fine of $20,000.  Respondent appealed his conviction, which was affirmed 
 by the Court of Appeals.  State v. Gordon, Op. No. 99-UP-507 (S.C. Ct. 
 App. filed September 8, 1999).  
Respondent filed an application for 
 post-conviction relief (PCR), and moved for summary judgment on the grounds 
 that the circuit court lacked subject matter jurisdiction over his conviction.  
 The PCR judge granted respondents motion.  The State filed a petition for writ 
 of certiorari, which was granted.  We reverse.  
ISSUE
Did the trial court have subject 
 matter jurisdiction to convict respondent of a violation of § 44-53-375(b) as 
 a lesser-included offense of § 44-53-375(c)?
ANALYSIS
In April 1997, respondent was indicted, 
 along with several others, for conspiracy to traffic in crack cocaine.  At a 
 subsequent proceeding, the State, on respondents motion, was ordered to amend 
 the indictment to include more specificity with regard to the charge.  The amended 
 indictment, charging respondent with trafficking in crack cocaine in violation 
 of S.C. Code Ann. § 44-53-375(c), was true billed by the Grand Jury in May 1997. 
 Respondent was tried only on count one of the amended multi-count indictment.  
 This count read:
COUNT ONE
 TRAFFICKING IN CRACK COCAINE
 S.C. Code Ann. Section 44-53-375(c)

 That WILLIE E. GORDON, AKA JR, 
 SPENCER GORDON, RENEE LEACH, HARRY BARNETTE, CALVIN BARNETTE, ROSIE D. JONES, 
 AKA POM-POM, TOMMY JAMES RHINEHART, FNU LNU, AKA T, JUAN REID, and other 
 persons both known and unknown to the Grand Jury, did Traffick [sic] in Crack 
 Cocaine in York County, from on or about May of 1995 until the date of this 
 indictment, by either knowingly conspiring to sell, or deliver, or 
 purchase, or bring into this State, or provide financial assistance or did 
 otherwise aid, abet, or attempt to sell, or deliver, or purchase, or bring 
 into this State four hundred grams or more of crack cocaine, a Schedule II 
 controlled substance under provisions of Section 44-53-110, et seq., 
 Code of Laws of South Carolina (1976), as amended, such conduct not having 
 been authorized by law and is a violation of Section 44-53-375(c)- Trafficking 
 in Crack Cocaine. (emphasis supplied).  

The jury was charged that conspiring 
 to possess crack cocaine with intent to distribute was a lesser-included offense 
 of trafficking in crack cocaine. Respondent was found guilty of conspiring to 
 possess crack cocaine with intent to distribute.  
At the PCR hearing, respondent moved 
 for summary judgment on the grounds that conspiring to possess with intent to 
 distribute crack cocaine is not a lesser-included offense of trafficking in 
 crack cocaine.  The PCR judge granted the motion stating, it has long been 
 established that conspiracy is not a lesser-included offense of [the] substantive 
 offense which is the object of the conspiracy. 
Generally, conspiracy is not a lesser-included 
 offense of a substantive offense.  State v. Ferguson, 221 S.C. 300, 70 
 S.E.2d 355 (1952); State v. Greuling, 257 S.C. 515, 186 S.E.2d 706 (1972); 
 State v. Steadman, 257 S.C. 528, 186 S.E.2d 712 (1972).  South Carolina 
 Code Ann. § 44-53-375 (c) (2002), which the indictment tracks, states A person 
 who knowinglyconspires to sell, manufacture, deliver, purchase or bring 
 into this Stateten grams or more ofcrack cocaineis guilty of a felony which 
 is known as trafficking in ice, crank, or crack cocaine. (emphasis supplied). 
 As defined in this section, there is no distinction between conspiracy 
 to traffic and the substantive offense of trafficking in crack cocaine; 
 in other words, the statute incorporates conspiracy as one of a number of ways 
 the substantive offense may be committed.  See i.e. Harris 
 v. State, 349 S.C. 46, 562 S.E.2d 311 (2002) (holding that under Section 
 44-53-370 (e) the legislature clearly intended that conspiracy to traffic be 
 treated as trafficking).  One of the ways respondent was alleged to have trafficked 
 in crack cocaine was by conspiring to sell, manufacture, deliver, purchase, 
 or bring into this State as permitted under the general statute of trafficking 
 in crack cocaine.  S.C. Code Ann. § 44-53-370 (2002).  Conspiracy to traffic 
 in crack cocaine is encompassed in the indictment under which respondent was 
 charged, as one way to traffic in crack cocaine.
An indictment confers jurisdiction 
 upon the circuit court and gives the defendant notice of the charges against 
 him.  S.C. Code Ann. §17-19-20 (1985); see State v. Owens, 293 
 S.C. 161, 359 S.E.2d 275 (1987).  The circuit court does not have subject matter 
 jurisdiction to convict a defendant of an offense unless there is an indictment 
 which sufficiently states the offense, the defendant waives presentment, or 
 the offense is a lesser included offense of the crime charged in the indictment.  
 State v. Primus, 349 S.C. 576, 579, 564 S.E.2d 103, 105 (2002). Possession 
 with intent to distribute crack cocaine is a lesser-included offense of trafficking 
 in crack cocaine.  Matthews v. State, 300 S.C. 238, 387 S.E.2d 258 (1990).  
 Therefore, conspiring to possess crack cocaine with intent to distribute is 
 a lesser-included offense of conspiracy to traffic in crack cocaine.  See 
 e.g. State v. Gosnell, 341 S.C. 627, 535 S.E.2d 453 (Ct. App. 
 2000)(holding that conspiracy to traffic cocaine in the amount of 400 grams 
 or more can include conspiracy to traffic lesser amounts.) 
CONCLUSION
We REVERSE the PCR court, 
 as the circuit court had subject matter jurisdiction to convict respondent of 
 conspiring to possess crack cocaine with intent to distribute as a lesser-included 
 offense of conspiring to traffic in crack cocaine, for which respondent was 
 indicted.  
TOAL, C.J., and MOORE, J., concur.  
 WALLER, J., dissenting in a separate opinion.  BURNETT, J., not participating.
JUSTICE WALLER:  I respectfully 
 dissent.  In my opinion, conspiracy to possess with intent to distribute 
 crack cocaine is not a lesser-included offense of trafficking crack cocaine.  
 Accordingly, there having been no indictment for conspiracy to PWID crack, the 
 trial court was without subject-matter jurisdiction to convict Gordon of this 
 offense; I would affirm the PCR courts grant of relief.  
In a criminal case, the trial courts 
 subject matter jurisdiction is limited to those crimes charged in the indictment 
 and all lesser-included offenses.  State v. Watson, 349 S.C. 372, 563 
 S.E.2d 336 (2002).  An offense is a lesser-included offense of another if the 
 greater of the two offenses includes all the elements of the lesser offense.  
 State v. Burton, 356 S.C. 259, ___, 589 S.E.2d 6, 8 (2003), citing 
 State v. Elliott, 346 S.C. 603, 606, 552 S.E.2d 727, 728 (2001).  A lesser 
 offense is included in the greater only if each of its elements is always 
 a necessary element of the greater offense.  Knox v. State, 340 S.C. 
 81, 530 S.E.2d 887 (2000); State v. Easler, 327 S.C. 121, 489 S.E.2d 
 617 (1997).  See also 42 C.J.S. Indictments and Informations § 
 218 (1991)(an offense can be considered as lesser-included if, and only if, 
 all essential elements of the lesser offense are included among essential elements 
 of greater offense).  If, under any circumstances, a person can commit the greater 
 offense without being guilty of the purported lesser offense, then the latter 
 is not a lesser-included offense.   State v. LaCoste, 347 S.C. 153, 553 
 S.E.2d 464 (Ct. App. 2001), cert. dismissed as improv. granted 353 S.C. 
 538, 579 S.E.2d 318 (2003).   
Here, it is patent that conspiracy 
 is not an essential element of the greater offense of trafficking.  Although 
 conspiracy is one method by which trafficking may be achieved, it is not always 
 a necessary element of trafficking; there are numerous ways listed in the statute 
 via which a person may commit that offense (e.g. sell, manufacture, deliver, 
 purchase, bring into this state, provide financial assistance, or otherwise 
 aid or abet).  See State v. Easler (although felony DUI and ABHAN 
 may both involve element of serious bodily injury, there are other circumstances 
 which may give rise to ABHAN such that serious bodily injury is not a necessary 
 element of ABHAN; therefore, ABHAN is not a lesser-included offense of felony 
 DUI).  
I am not unmindful that this Court 
 has, on occasion, found an offense to be lesser-included notwithstanding a lack 
 of strict adherence to the elements test.  See State v. Elliott, 
 346 S.C. 603, 606, 552 S.E.2d 727, 728 (2001).   However, we have done so only 
 where, as in Elliott, the offense has traditionally been considered a 
 lesser-included offense of the greater offense charged.
Here, the majority recognizes that 
 conspiracy is not generally a lesser-included offense of a substantive offense, 
 nor has it traditionally been so considered.  As noted by Justice Toal in her 
 concurrence in State v. Wilson, 311 S.C. 382, 391, 429 S.E.2d 453, 458 
 (1993), conspiracy is a completely separate offense from the substantive 
 offenses which are the objects of the conspiracy.  (emphasis supplied).  
 The majority correctly notes that possession with intent to distribute crack 
 cocaine is a lesser-included offense of trafficking.  Matthews v. State, 
 300 S.C. 238, 387 S.E.2d 258 (1990).  However, that PWID crack is a lesser-included 
 offense of trafficking is of no consequence.  The inquiry here is whether conspiracy 
 is a lesser-included offense of trafficking.  In my opinion, as demonstrated 
 above, it is not.
Accordingly, in my opinion, the trial 
 court was without subject-matter jurisdiction to convict Gordon of conspiracy 
 to possess with intent to distribute crack.  I would affirm the PCR courts 
 grant of relief.