**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Crystal Turner, Appellant.

Appellate Case No. 2010-173406

Appeal From Horry County
Thomas W. Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-562
Submitted October 1, 2012 – Filed October 24, 2012

**AFFIRMED**

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Christina J. Catoe, all of Columbia; and Solicitor John Gregory Hembree, of Conway, for Respondent.

**PER CURIAM:** Crystal Turner appeals her conviction of accessory before the fact of armed robbery, arguing the trial court erred in (1) admitting two photos of the deceased victim into evidence when the robbery and death of the victim were undisputed and (2) denying her motion for a directed verdict because the State failed to prove Turner had knowledge a codefendant was armed. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. The trial court did not err in admitting the two photographs because the photographs corroborated witness testimony and the nature of the photographs did not render them unduly prejudicial in the context of the issues in this case. *See State v. Torres*, 390 S.C. 618, 622-23, 703 S.E.2d 226, 228 (2010) ("The relevance, materiality, and admissibility of photographs are matters within the sound discretion of the trial court and a ruling will be disturbed only upon a showing of an abuse of discretion." (citation and internal quotation marks omitted)); *State v. Jarrell*, 350 S.C. 90, 106, 564 S.E.2d 362, 371 (Ct. App. 2002) (holding the trial court does not abuse its discretion if the offered photograph corroborates testimony of a witness at trial).

2. The trial court did not err when it denied Turner's motion for a directed verdict because several witnesses testified Turner (1) was in the parking lot when a co-defendant openly displayed his gun the night of the robbery and (2) helped plan the robbery. *See State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, this Court views the evidence and all reasonable inferences in the light most favorable to the state. If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury."); *State v. Greuling*, 257 S.C. 515, 524, 186 S.E.2d 706, 709-10 (1972) (holding that for a person to be an accessory before the fact, the State must prove (1) the person "advised and agreed, or urged the parties or in some way aided" the parties in the commission of the offense; (2) the person was not present when the offense was committed; and (3) the principal committed the offense).

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.